IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 13-cv-03104-BNB

ROBERT E. LEWIS JR.,

      Plaintiff,

v.

DENVER CITY JAIL,
D.O.C.,
DISTRICT 6 POLICE,
JUDGE RAYMOND N. SATTER, and
PUBLIC DEFENDER'S OFFICE,

      Defendants.

---

## ORDER DIRECTING PLAINTIFF TO FILE AMENDED COMPLAINT

---

      Plaintiff, Robert E. Lewis Jr., currently is detained at the Denver County Jail in Denver, Colorado.  Plaintiff submitted *pro se* a Prisoner Complaint that challenges violations of his constitutional rights.  He seeks money damages.

      The Court must construe the Complaint liberally because Plaintiff is a *pro se* litigant.  *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).  However, the Court should not act as a *pro se* litigant's advocate.  *See Hall*, 935 F.2d at 1110.  Plaintiff will be ordered to file an Amended Complaint that names proper parties and states how each named party personally participated in violating his constitutional rights, as directed below.

      First, Plaintiff may not sue the Denver Jail.  The jail is not a separate entity from

the City and County of Denver and, therefore, is not a person under 42 U.S.C. § 1983. *See Stump v. Gates*, 777 F. Supp. 808, 814-16 (D. Colo. 1991), *aff'd*, 986 F.2d 1429 (10th Cir. 1993). Any claims asserted against the jail are considered as asserted against the City and County of Denver.

In addition, municipalities and municipal entities are not liable under 42 U.S.C. § 1983 solely because their employees inflict injury on a plaintiff. *Monell v. New York City Dep't of Social Servs.*, 436 U.S. 658, 694 (1978); *Hinton v. City of Elwood, Kan.*, 997 F.2d 774, 782 (10th Cir. 1993). To establish liability, a plaintiff must show that a policy or custom exists and that there is a direct causal link between the policy or custom and the injury alleged. *City of Canton, Ohio v. Harris*, 489 U.S. 378, 385 (1989). Plaintiff cannot state a claim for relief against the City and County of Denver under § 1983 merely by pointing to isolated incidents. *See Monell* , 436 U.S. at 694.

Defendant DOC (Colorado Department of Corrections) also is an improper defendant in this action. The State of Colorado and its entities are protected by Eleventh Amendment immunity. *See Will v. Michigan Dep't of State Police*, 491 U.S. 58, 66 (1989); *Meade v. Grubbs*, 841 F.2d 1512, 1525-26 (10th Cir. 1988). "It is well established that absent an unmistakable waiver by the state of its Eleventh Amendment immunity, or an unmistakable abrogation of such immunity by Congress, the amendment provides absolute immunity from suit in federal courts for states and their agencies." *Ramirez v. Oklahoma Dep't of Mental Health*, 41 F.3d 584, 588 (10th Cir. 1994), *overrruled on other grounds by Ellis v. University of Kansas Med. Ctr.*, 163 F.3d 1186 (10th Cir. 1998). The State of Colorado has not waived its Eleventh Amendment immunity, *see Griess v. Colorado*, 841 F.2d 1042, 1044-45 (10th Cir. 1988), and

2

congressional enactment of § 1983 did not abrogate Eleventh Amendment immunity, *see Quern v. Jordan*, 440 U.S. 332, 340-345 (1979).

Furthermore, the Colorado Public Defender's Office is not a proper party to this action.  Section 1983 "provides a federal cause of action against any person who, acting under color of state law, deprives another of his federal rights."  *Conn v. Gabbert*, 526 U.S. 286, 290 (1999); *see also Wyatt v. Cole*, 504 U.S. 158, 161 (1992) ("[T]he purpose of § 1983 is to deter state actors from using the badge of their authority to deprive individuals of their federally guaranteed rights and to provide relief to victims if such deterrence fails.").  The Colorado Public Defender's Office is not a "person" subject to suit under § 1983.  The Colorado Public Defender's Office is a state entity, Plaintiff's claims against the Office are barred by the Eleventh Amendment.  *See Will v. Michigan Dep't of State Police*, 491 U.S. 58, 66 (1989).

Judge Satter also is an improper party.  He is absolutely immune from liability in civil rights suits when he acts in his judicial capacity unless he acts in the clear absence of all jurisdiction.  *See Mireles v. Waco*, 502 U.S. 9, 11-12 (1991); *Stump v. Sparkman*, 435 U.S. 349, 356-57 (1978); *Hunt v. Bennett*, 17 F.3d 1263, 1266-67 (10th Cir. 1994).  Plaintiff fails to assert how Judge Satter has acted outside of his judicial capacity.

Finally, Plaintiff may identify a District Six police officer as a named defendant if he does not know the real name of the individual who allegedly violated his rights.  Plaintiff, however, must provide sufficient information about the police officer so that the officer can be identified for purposes of service.  Identifying information may include  the officer's badge number or date and time of the officer's work shift during which the action took place.  Plaintiff has failed to provide any identifying information about the

3

District Six police officers who may have violated his constitutional rights.

In the Amended Complaint, Plaintiff must name proper parties and show how each individual caused the deprivation of a federal right.  *See Kentucky v. Graham*, 473 U.S. 159, 166 (1985).  There must be an affirmative link between the alleged constitutional violation and each defendant's participation, control or direction, or failure to supervise.  *See Butler v. City of Norman*, 992 F.2d 1053, 1055 (10th Cir. 1993).  A defendant may not be held liable on a theory of respondeat superior merely because of his or her supervisory position.  *See Pembaur v. City of Cincinnati*, 475 U.S. 469, 479 (1986); *McKee v. Heggy*, 703 F.2d 479, 483 (10th Cir. 1983).  A supervisor is only liable for constitutional violations that they cause.  See Dodds v. Richardson, et al., 614 F.3d 1185 (10th Cir. 2010) (Tymkovich, J., concurring).

Plaintiff must explain in his Amended Complaint what each defendant did to him, when the defendant did the action, how the action harmed him, and what specific legal right he believes the defendant violated.  *Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1163 (10th Cir. 2007).  Accordingly, it is

ORDERED that within thirty days from the date of this Order Plaintiff file an Amended Complaint that is in keeping with the above directives.  It is

FURTHER ORDERED that Plaintiff shall obtain the Court-approved Prisoner Complaint form (with the assistance of his case manager or the facility's legal assistant), along with the applicable instructions, at www.cod.uscourts.gov.  It is

FURTHER ORDERED that the Court will dismiss the action without further notice if Plaintiff fails within the time allowed to file an Amended Complaint that complies with this Order.  It is

FURTHER ORDERED that process shall not issue until further order of the Court.

DATED December 11, 2013, at Denver, Colorado.

BY THE COURT:

 s/ Boyd N. Boland
United States Magistrate Judge